MOTION TO DISMISS
STOKER, Judge.
Plaintiff-appellant, Walter Cloud, filed a protective appeal in response to the suspen-sive appeal perfected by the defendant-appellant, the State of Louisiana. We deny defendant-appellant’s motion to dismiss.
The plaintiff-appellant, Walter Cloud, filed suit against the defendant-appellant, the State of Louisiana, Department of Health and Human Resources and Central Louisiana State Hospital (hereinafter collectively referred to as the “State”) seeking damages for personal injuries allegedly sustained when he fell on the front steps of Fuqua Hall at Central Louisiana State Hospital in Pineville, Louisiana on November 21, 1979. Hartford Accident & Indemnity Company (hereinafter referred to as “Hartford”) intervened, seeking to recover certain disability benefits and hospital and medical expenses paid to and on behalf of Walter Cloud pursuant to a policy of workmen’s compensation insurance issued by it to “Dr. Walter Cloud, M.D.”.
The plaintiff-appellant filed a supplemental and amending petition adding as defendants Rockwood Insurance Company (hereinafter referred to as “Rockwood”), the State’s workmen’s compensation insurer, and the Rapides Parish Police Jury. The petition alleged that if plaintiff-appellant was not entitled to recover against the State in tort then he was an employee of the State or alternatively the Parish of Rapides and was therefore entitled to workmen’s compensation benefits from Rock-wood or alternatively the Rapides Parish Police Jury.
The petition in the alternative also named Hartford as a defendant seeking benefits under the workmen’s compensation policy issued to “Walter Cloud, M.D.”.
The Rapides Parish Police Jury was dismissed on a motion for judgment on the pleadings.
The trial court rendered judgment in favor of plaintiff-appellant Walter Cloud against the State in the amount of $265,-816.85, and in favor of Hartford on its petition of intervention in the amount of $23,499.82 to be paid from the proceeds of the judgment in favor of Walter Cloud. The demands against Rockwood and Hartford were dismissed.
From this judgment the State obtained a suspensive appeal. Thereafter the plaintiff-appellant, Walter Cloud, filed a protective devolutive appeal and filed an appeal brief under cover letter dated April 30, 1982. On May 25, 1982, the defendant-appellant filed a motion to dismiss the plaintiff-appellant’s protective appeal. It alleged that the plaintiff-appellant’s brief does not comply with the Uniform Rules, Courts of Appeal.
The specific violation alleged is Uniform Rules, Court of Appeal, Rule IX, Section 3:
Section 3. The brief on behalf of appellant or relator shall set forth a succinct syllabus or statement of the principles of law relied upon with corresponding citations of authority, a concise statement of the case, the action of the trial court thereon, a specification of alleged errors relied upon, the issues presented on the appeal, and an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the transcript and of the authorities cited.
The defendant-appellant also alleged that it is unable to respond according to Rule IX, Section 4 to the brief of plaintiff-appellant due to the absence of the specification of alleged errors and issues for appeal.
The brief of plaintiff-appellant contains a section entitled, “STATEMENT OF THE ISSUES” in which the issues on appeal are *56 listed. Although the brief does not contain a section specifically entitled, “SPECIFICATION OF ALLEGED ERRORS”, the section containing the statement of the issues on appeal provides adequate notice of the alleged errors so as to allow the State to respond with sufficient specificity.
MOTION DENIED.